IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
IN AND FOR LARAMIE COUNTY, STATE OF WYOMING

BRADBURY VALLEY TRUST,
a Private Express Trust,
by and through its Trustees and Equitable Titleholders,

MICHAEL JAMES BRADBURY and TAMMY JO BRADBURY,
individually and in fiduciary capacity,

Petitioners,

Email Copy
**FILED**
JUL 31 2025
DIANE SANCHEZ ww
CLERK OF THE DISTRICT COURT

v.

Civil Action No. 2025-CV-0203385

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,
THE SAYER LAW GROUP, P.C.,
CITIBANK N.A. ORIGANAL LENDER
MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEM)
FANNIE MAE (FNMA)
JOHN DOES 1–100,
and All Unknown Persons Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest Adverse to Petitioners' Title,

Respondents.

**JUDICIAL NOTICE AND MOTION TO DISQUALIFY COUNSEL UNDER RULES 1.7 AND 3.7**

COMES NOW the Plaintiffs, Bradbury Valley Trust, Michael Bradbury, and Tammy Jo Bradbury, in proper person, and hereby provide JUDICIAL NOTICE AND MOTION TO DISQUALIFY COUNSEL based on violations of the Wyoming Rules of Professional Conduct, specifically Rule 1.7 (Conflict of Interest: Current Clients) and Rule 3.7 (Lawyer as Witness), and show the Court as follows:

1. Plaintiffs have received a Notice of Appearance dated July 29, 2025, from attorney Nathan V. Graham of Bradley Arant Boult Cummings LLP, a foreign law firm not registered to do business in Wyoming pursuant to Wyo. Stat. §§ 17-16-1501 and 1502.

2. Said appearance purports to represent the following three defendants jointly:

(a) NewRez LLC d/b/a Shellpoint Mortgage Servicing,

(b) Mortgage Electronic Registration Systems, Inc. (MERS), and (c) Federal National Mortgage Association (Fannie Mae).

1

3. These parties have divergent and potentially conflicting legal interests and roles:

    4. The original mortgage loan contract was satisfied and released by the originating lender, CitiBank, N.A., as confirmed by Plaintiff's recorded Certificate of Release of Mortgage, filed in the public records of Laramie County, Wyoming.

    5. Plaintiff's securitization audit confirms that:

a. CitiBank released its interest in the mortgage;

b. No lawful assignment of mortgage was ever recorded following that release;

c. No standing was transferred or perfected prior to the unlawful and fraudulent assignment filed by NewRez LLC in 2024.

    6. The securitization audit further affirms that Fannie Mae, while purporting to be the "investor," was never a party to the original mortgage contract, never received a valid assignment of mortgage, and does not possess holder-in-due-course status.

7. As such, the doctrine of accord and satisfaction applies: the alleged debt was resolved, the obligation extinguished, and no subsequent claim or assignment may revive or enforce a non-existent debt.

8. Counsel representing NewRez, MERS, and Fannie Mae is therefore acting without a valid principal, and the appearance of counsel constitutes a procedural defect and potential fraud upon the court.

    Their continued participation violates the standards of proper representation under Wyoming Rules of Professional Conduct Rule 1.7 (conflict of interest) and Rule 3.7 (attorney as necessary witness), and they must be disqualified as such:

a. - NewRez is a loan servicer, not the creditor or true party of interest; NewRez LLC is in default for failure to respond to summons:

b. - MERS is a nominee without beneficial interest or enforceable standing;

c. - Fannie Mae is an alleged investor but not the party to the original loan contract. Original loan contract is Extinguished/Accord and Satisfaction, Release of Mortgage has occurred.

9. Under Rule 1.7 of the Wyoming Rules of Professional Conduct, a lawyer may not represent multiple parties with conflicting interests without full disclosure and informed written consent from each client. Plaintiffs demand that counsel for the Defendants provide proof of such disclosure and written consent authorizing joint representation.

10. Furthermore, the appearance filed by Nathan V. Graham is materially defective. It misidentifies the represented defendant as **"Eiden Construction, LLC,"** which **is not a party to this action.**

This procedural failure is now central to Plaintiffs' Motion to Strike, and said attorney has become a material witness to his own firm's procedural misconduct.

11. Pursuant to Rule 3.7 of the Wyoming Rules of Professional Conduct, a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. The attorney's conduct—filing a facially defective document that misrepresents the party being represented—is now an issue of fact relevant to the adjudication of Plaintiffs' pending motions.

12. Plaintiffs assert that the above actions constitute violations of Rule 1.7 and Rule 3.7 and hereby move the Court to disqualify Nathan V. Graham and the law firm of Bradley Arant Boult Cummings LLP from further participation in this matter.

13. In addition to the substantive and jurisdictional defects previously identified, Plaintiffs draw the Court's attention to the Certificate of Service attached to the Notice of Appearance dated July 29, 2025.

14. The Certificate of Service states that service was made upon "Bradbury Valley Trust, Michael Bradbury, and Tammy Bradbury" at the individual's c/o address. However, the format of the certificate indicates that service was only directed to the Trust as a collective entity and fails to serve certificate of service to Michael Bradbury and Tammy Jo Bradbury individually.

15. Michael Bradbury and Tammy Jo Bradbury are named Plaintiffs in their individual capacities. Under Rule 5 of the Wyoming Rules of Civil Procedure, all parties must be served individually and properly when named as separate parties in an action.

16. The failure to individually serve each Plaintiff renders the Certificate of Service procedurally defective and further invalidates the appearance of counsel who is already in violation of Wyo. Stat. §§ 17-16-1501 and 1502 (unauthorized business entity), Rule 1.7 (conflict of interest in joint representation), and Rule 3.7 (advocate-witness disqualification).

17. This cumulative procedural failure reflects a disregard for basic due process requirements and adds to the reasons why said Notice of Appearance must be stricken from the record.


WHEREFORE, Plaintiffs respectfully request to move the Court to take Judicial Notice:

- of the conflict of interest and advocate-witness violations under the Wyoming Rules of Professional Conduct;

- defective service for failure to properly serve all named Plaintiffs.

- the appearance filed by Nathan V. Graham is materially defective. It misidentifies the represented defendant as **"Eiden Construction, LLC,"** which is **not a party to this action**

- Enter an Order disqualifying Nathan V. Graham and Bradley Arant Boult Cummings LLP as counsel of record in this matter;

- Require proof of authority and consent for joint representation from each Defendant;

- Bar further filings by said counsel and firm in this action absent compliance.


Respectfully submitted,
/s/ Michael Bradbury
/s/ Tammy Jo Bradbury
Trustees, Bradbury Valley Trust
c/o 1635 County Road 136
Cheyenne, Wyoming 82009

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2025, I caused a true and correct copy of the foregoing: JUDICIAL NOTICE AND MOTION TO DISQUALIFY COUNSEL UNDER RULES 1.7 AND 3.7 to be served upon the following parties by Certified Mail delivery Return Receipt Requested: # 9589 0710 5270 2108 4985 40


Addressed to:
**Bradley Arant Boult Cummings LLP- Nathan V. Graham**
600 Travis Street, Suite 5600
Houston, Texas 77002

**NewRez LLC d/b/a Shellpoint Mortgage Servicing**
Agent – Spencer Mosness- Corporation Servicing Company –
1821 Logan Ave. Cheyenne, Wyoming 82001

**The Sayer Law Group-** Agent –Brian G. Sayer
925 E 4th Street
Waterloo, IA 50703

**MERS** – 1209 Orange Street Wilmington, DE 19801

**Citibank N.A.** – Agent – C T Corporation System
28 Liberty Street, New York, NY 10005

**Fannie Mae (FNMA)** – 1100 15th Street, NW, Washington, DC 20005


Method of Service:

Certified Mail, Return Receipt Requested
: # 9589 0710 5270 2108 4985 40


Executed in good faith.

Respectfully,

By: s/s Tammy Jo Bradbury TTEE

Bradbury Valley Trust
c/o 1635 Rd 136
Cheyenne, Wyoming 82009

4

# EXHIBIT A

"Exhibits attached to this motion are labeled independently and do not continue the exhibit sequence from Petitioners original complaint"

"SEE ATTACHED EXHIBIT A SHOWING THE DEFECTIVE NOTICE OF APPEARANCE FILED BY COUNSEL."