## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

BRADBURY VALLEY TRUST;
MICHAEL BRADBURY; TAMMY JO
BRADBURY

    *Plaintiffs,*

v.

NEWREZ, LLC D/B/A SHELLPOINT
MORTGAGE SERVICING; THE SAYER
LAW GROUP, P.C.; CITIBANK, N.A.;
MERS (MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.);
FANNIE MAE (FNMA),

    *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.: 2:25-cv-00177-SPK

---

### OPPOSITION TO PLAINTIFFS' "JUDICIAL NOTICE AND MOTION TO DISQUALIFY COUNSEL UNDER RULES 1.7 AND 3.7"

**COME NOW** Defendants Newrez, LLC d/b/a Shellpoint Mortgage Servicing ("Newrez"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association[1] ("Fannie Mae"), (Newrez, MERS, and Fannie Mae, collectively, "Defendants"), and file this Opposition to Plaintiffs Bradbury Valley Trust, Michael Bradbury, and Tammy Jo Bradbury's (collectively, "Plaintiffs") "JUDICIAL NOTICE AND MOTION TO DISQUALIFY COUNSEL UNDER RULES 1.7 AND 3.7" (the "Motion to Disqualify"). [Doc. 25]. In support in opposition to Plaintiff's Motion to Disqualify, Defendants provide the following:

---

[1] Federal National Mortgage Association is incorrectly identified in the Complaint as "Fannie Mae."

1

1.      "Disposition of a motion to disqualify an attorney rests with the sound discretion of the trial court." *Gates Rubber Co. v. Bando Chem. Indus.*, 855 F. Supp. 330, 334 (D. Colo. 1994). The Tenth Circuit has expounded on the legal standard governing motions to disqualify:

> Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated.   Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law. *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied sub nom. Northwest Airlines, Inc. v. American Airlines*, 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993). Therefore, motions to disqualify are governed by the ethical rules announced by the national profession and considered "in light of the public interest and the litigants' rights." *See Dresser*, 972 F.2d at 543.

*Cole v. Rudioso Mun. Schools*, 43 F.3d 1373, 1383 (10th Cir. 1994).

2.      Generally, this Court's local rules provide that the District of Wyoming applies Wyoming's Rules of Professional Conduct as the applicable standard of professional responsibility. U.S.D.C.L.R. 84.1(a).

3.      Plaintiffs allege that the undersigned counsel has a conflict of interest under Rule 1.7 of the Wyoming Rules of Professional Conduct and may potentially be a witness in violation of Rule 3.7 of Wyoming Rules of Professional Conduct.  Both of these allegations are meritless.

4.      "[C]ourts should generally refuse to entertain a motion to disqualify based on a conflict of interest where the motion is brought by an opposing party." *Marguerite A. Walk Private Found. Corp. v. Grand Teton Music Festival, Inc*., 2017 WL 3449604, at *4 (D. Wyo. Mar. 8, 2017).

5.     Rule 1.7, provides:

**Rule 1.7. Conflict of Interest: Current Clients.**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client

if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in a writing

6.     Here, Plaintiffs do not allege that the "conflict of interest" affects or impacts them personally, but rather Plaintiffs contend that an imagined and speculative conflict exists between the defendants that Plaintiffs have sued.  Plaintiffs lack standing to assert such a conflict.  In fact, Plaintiffs do not even identify any particular conflict between these parties, and merely describe the parties as having "divergent and potentially conflicting legal interests and roles." (Mot., p. 2). Different roles, however, does not equate to a legal conflict of interest.

7.      Indeed, there is no conflict of interest among Defendants Newrez, MERS, and Fannie Mae, as demonstrated by the Motion to Dismiss that the Defendants jointly filed.

8.      Plaintiffs also allege that the undersigned counsel should be disqualified under Rule 3.7, governing when a lawyer may need to act as a witness.

9.      Regardless of the lack of merit to this argument, disqualification under Rule 3.7 is premature, as Rule 3.7 only applies when a lawyer is acting as an advocate "at a trial in which the lawyer is likely to be a necessary witness."  Accordingly, Plaintiffs' Motion to disqualify is due to be denied as premature.

10.     More pointedly, however, Plaintiffs' Motion to Disqualify as to Rule 3.7 lacks any merit.  Plaintiffs basis for suggesting that the undersigned counsel may need to serve as an witness is based on a single *typo* in the signature block of a notice of appearance.  (Mot., p. 11). This allegation hardly rises to the level of potentially requiring lawyer testimony – or any action for that matter.[2]

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion to Disqualify.

Respectfully submitted this 26th day of August, 2025.

---

[2] Plaintiffs also appear to make an argument about the language of the certificate of service, but it is unclear how this argument relates to the Motion to Disqualify.  In any case, the argument is erroneous and lacks any legitimacy.

By: */s/ Nathan V. Graham*
    NATHAN V. GRAHAM
    State Bar No. 7-4573
    ngraham@bradley.com
    Bradley Arant Boult Cummings LLP
    600 Travis Street, Suite 5600
    Houston, Texas 77002
    (713) 576-0300 Telephone
    (713) 576-0301 Telecopier

ATTORNEYS FOR DEFENDANTS NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND FEDERAL NATIONAL MORTGAGE ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that on August 26th, 2025, I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Bradbury Valley Trust
Michael Bradbury
Tammy Bradbury
1635 County Road 136,
Cheyenne, Wyoming 82009
*Pro Se Plaintiffs*

Carl Morgan Lasley
SAYER LAW GROUP PC
925 E 4th Street
Waterloo, IA 50703
319/234-2530
Fax: 319/232-6341
Email: mlasley@sayerlaw.com

    */s/ Nathan V. Graham*
    OF COUNSEL

5