
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 SEP 25 PM 3:10

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

BRADBURY VALLEY TRUST, a Private Express Trust; MICHAEL JAMES BRADBURY, and TAMMY JO BRADBURY,

Plaintiffs,

v.

NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING; THE SAYER LAW GROUP, P.C.; CITIBANK, N.A.; MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.); and FANNIE MAE (FNMA)

Defendants.

Case No. 25-CV-177-SWS

## ORDER STRIKING NOTICE OF ASSIGNMENT OF CLAIMS

Plaintiffs Michael Bradbury and Tammy Jo Bradbury commenced this lawsuit without counsel and asserted to represent the interests of themselves as well as Plaintiff Bradbury Valley Trust. This Court then entered an Order Precluding Representation of Trust by Non-Attorneys, advising the Bradburys that a non-attorney cannot represent the interests of another person or a separate legal entity such as a trust. (ECF 26.) *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (holding that artificial entities may only be represented in court through licensed counsel). The Bradburys have not retained counsel for themselves or for the Bradbury Valley Trust.

As an obvious ploy to evade the bar against non-attorneys representing trusts, the Bradburys filed a "Notice of Assignment of Claims," whereby they, as trustees, purportedly assigned the Bradbury Valley Trust's claims in this lawsuit to themselves as individuals. (ECF

27.) But "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Caselaw is legion prohibiting a separate legal entity from assigning its rights to a pro se party to evade the rule against non-attorney representation.

> "In light of [the] policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have in cases governed by federal law, disapproved any circumvention of the rule *by the procedural device of an assignment* of the corporation's claims to the lay individual." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (emphasis added). Indeed, numerous courts faced with this question routinely hold that an individual who has been assigned claims from a corporation cannot proceed *pro se*. *See Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (unpublished) (specifically barring the assignment of claims by a corporation to a layperson so as to permit the layperson to proceed *pro se*); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (lay person may not assert *pro se* a claim assigned to litigant by the corporation); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S. Ct. 799, 88 L.Ed.2d 775 (1986) (an individual *pro se* plaintiff cannot avoid the long-standing policy that corporate entities cannot appear *pro se* by obtaining a corporation's assignment of claim); *Heiskel v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) ("It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee – not an attorney – to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose...."); *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 819-21 (E.D. Mich. Sept. 25, 2009) (assuming the assignment of corporation's causes of action to plaintiff was valid but nonetheless dismissing *pro se* plaintiff's complaint because to allow a purported assignee of a corporation's claims to appear *pro se* "would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [He] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation."); *In Re Thomas*, 387 B.R. 808, 815 (D. Colo. Mar. 25, 2008) (finding that purported assignee was not real party in interest and lacked standing to maintain adversary proceeding); *Jones v. Dacosta*, 930 F. Supp. 223, 225 (D. Md. June 18, 1996) (corporation may not assign interest in case to individual in order to permit individual to litigate claim *pro se*); *Capital Group, Inc. v. Gaston & Snow*, 768 F. Supp. 264, 265-66 (E.D. Wis. July 25, 1991) (corporation may not assign interest in case to individual in order to permit individual to litigate claim *pro se*); *Roberts v. State Dep't of Revenue*, 162 P.3d 1214, 1220 (Alaska 2007) (business's assignment of claim to owner was invalid attempt to circumvent statutory requirement that business be represented by an attorney); *Driscoll v. T.R. White Co., Inc.*, 805 N.E.2d 482, 483 (Mass. 2004) (assignment of corporation's claims by corporation to sole shareholder could not authorize non-attorney shareholder to represent corporation in court); *see also M2 Tech, Inc. v. M2 Software, Inc.*, 589 F.

App'x 671, 675 (5th Cir. 2014) (denying a Rule 24 intervention as a matter of right by a *pro se* individual assigned the corporation's claims because it not only nullifies the well-established rule that in federal court, corporations must be represented by counsel; but also, the record established that the *pro se* individual's sole reason for pursuing the assignment and motion to intervene was so that the corporation could protect its trademark rights in federal court without retaining counsel); *CalMat Co. v. Oldcastle Precast, Inc.*, 2018 WL 3111605, at *4 (D.N.M. June 22, 2018) (rejecting corporate officer's Rule 24 intervention where purpose of motion was to circumvent corporate representation requirement).

*Lunnon v. United States*, No. CV 16-1152 MV/JFR, 2020 WL 7706053, at *9 (D.N.M. Nov. 20, 2020), *report and recommendation adopted*, No. CV 16-1152 MV/JFR, 2020 WL 7090527 (D.N.M. Dec. 4, 2020).

The Bradburys' stunt is not well taken. This purported assignment of claims from a trust to pro se individuals is invalid and will be struck from the record. Additionally, any further attempt by the Bradburys to represent the interests of the Bradbury Valley Trust in this action will be met with swift and serious sanctions, potentially including but not limited to the dismissal of this lawsuit without further notice. The claims, defenses, arguments, or interests of the Bradbury Valley Trust may only be advanced through an attorney admitted to practice law in this jurisdiction.

**IT IS THEREFORE ORDERED** that the "Notice of Assignment of Claims" (ECF 27) is hereby **STRUCK** from the record and of no legal operation in this case.

**IT IS FURTHER ORDERED** that Plaintiffs Michael James Bradbury and Tammy Jo Bradbury are hereby warned that any further attempt by them to present the claims, defenses, arguments, or other interests of the Bradbury Valley Trust in this case will result in sanctions potentially including but not limited to dismissal of this lawsuit without further notice.

**ORDERED**: September 25th, 2025.

Scott W. Skavdahl
United States District Judge