UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| BRADBURY VALLEY TRUST, a Private Express Trust; MICHAEL JAMES BRADBURY, and TAMMY JO BRADBURY, <br><br> Plaintiffs, <br><br> v. <br><br> NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING; THE SAYER LAW GROUP, P.C.; CITIBANK, N.A.; MERS (MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.); and FANNIE MAE (FNMA) <br><br> Defendants. | Case No. 25-CV-177-SWS |

## ORDER REMANDING CASE TO STATE COURT

Plaintiffs Michael and Tammy Jo Bradbury filed this lawsuit in state court seeking a declaratory judgment and quiet title concerning a parcel of land in Laramie County, Wyoming, in an effort to stop mortgage default proceedings. (ECF 1-3, 5.) Defendant Newrez, LLC removed the action from state court to this federal district court based on diversity jurisdiction. (ECF 1, 6.) The Bradburys now move to remand the lawsuit back to state court. (ECF 7.) Defendants Newrez LLC, MERS, and Fannie Mae oppose remand. (ECF 32.) The Bradburys' time to submit any reply to the opposition has expired. *See* Local Civil Rule 7.1(b)(2)(C). Having considered the parties' arguments and reviewed the record herein, the Court finds remand to state court is warranted due to Defendant Newrez's defective removal.

## **STANDARD OF ADJUDICATION**

A lawsuit filed in state court that could have been filed in federal court may be removed

by a defendant to federal court under 28 U.S.C. § 1441, using the procedure outlined in 28 U.S.C. § 1446. Compliance with § 1446 is important, though, because "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). This is because removal overrides the plaintiff's choice of forum. "As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citations omitted). "The removing party has the burden to show that removal was properly accomplished." *Id.*

## DISCUSSION

Defendant Newrez removed this lawsuit under 28 U.S.C. § 1441(a) based on the assertion that the matter in controversy exceeds the value of $75,000 and complete diversity of citizenship exists between Plaintiffs and Defendants. (ECF 1 (relying on 28 U.S.C. § 1332).) The Bradburys posit several reasons this matter should be returned to the state court, and the Court starts with the Bradburys' argument concerning subject-matter jurisdiction before turning to the alleged procedural defects. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) ("there are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself").

### 1. Remand Requested for Lack of Federal Jurisdiction

The Bradburys first contend this Court lacks jurisdiction over the matter because there is no federal question at issue within the case. But Defendant Newrez removed this matter not based on federal question jurisdiction under 28 U.S.C. § 1331 but rather based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF 1.) A federal question need not be at issue for a federal court to possess diversity jurisdiction.

On the issue of diversity jurisdiction, the Court concludes such has been sufficiently established here. In their state court petition, the Bradburys asserted they have continuously possessed the property in Laramie County, Wyoming, "for a period sufficient to vest absolute equitable title." (ECF 5 p. 2.) They reside on the property in Wyoming and have expressed no desire to leave. (*Id.* p. 5;ECF 8 p. 8; ECF 7-1 p. 3.) And in the notice of removal, Defendant Newrez asserted the Bradburys were Wyoming citizens (ECF 1 p. 3), and the Bradburys have never opposed that statement or asserted otherwise. Thus, the record supports Defendant Newrez's assertion that the Bradburys are citizens of Wyoming. *See ADA Carbon Solutions (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 (10th Cir. 2025) (courts look to an individual's domicile to determine citizenship, and domicile consists of residence plus an intent to remain).

The Bradburys have unlawfully attempted to represent the Bradbury Valley Trust in this action (*see* ECF 26, 34), which they have named as a Plaintiff. Assuming for the moment without deciding that Bradbury Valley Trust is a proper party in this action, the Court finds it is also a Wyoming citizen based on the Bradburys' citizenship. The Bradburys contend,

> In truth, the trust is a foreign express trust organized under foreign law. The trust's situs, governing law, and beneficiary administration fall under foreign jurisdiction.

(ECF 7 p. 8.) The trust is purportedly a "foreign grantor trust" created under Cayman Islands law. (ECF 17 p. 25.)

An "express trust" is defined as "[a] trust created with the settlor's express intent, usu[ally] declared in writing; an ordinary trust as opposed to a resulting trust or a constructive trust." *Trust*, BLACK'S LAW DICTIONARY (12th ed. 2024). Also apparently pertinent based on the Bradburys' description of Plaintiff Bradbury Valley Trust, a "foreign-situs trust" is defined as

> [a] trust created under foreign law. This type of trust usu[ally] has no significant income-tax benefits and is subject to greater reporting requirements than a domestic trust. Because creditors cannot easily reach the foreign trust's assets, it is frequently

used as a means of asset-protection. – Also termed *foreign trust*; *offshore trust*.

*Id.* Based on the Bradburys' description and these definitions, the Court concludes the Bradbury Valley Trust is a "traditional" trust (as opposed to a "non-traditional trust"), and its citizenship is measured by its trustees' citizenship.[1] *ADA Carbon Solutions*, 146 F.4th at 1304 ("The citizenship of a traditional trust … depends only on the citizenship of its trustees."). The Bradburys assert they are the trustees and, as the Court has already discussed, their citizenship is Wyoming, and therefore the trust's citizenship is also Wyoming.

Defendant Newrez is a citizen of New York and Delaware. (ECF 1 p. 3.) Defendant Newrez contends the other Defendants were fraudulently joined because no cause of action was stated against them, so their citizenship is not included in the analysis. (*Id.* p. 4.) Nonetheless, Defendant Newrez confirms none of the other Defendants are citizens of Wyoming (*id.* p. 4 n.1), and the Bradburys have never asserted otherwise. For purposes of this remand motion, the Court finds Defendant Newrez has shown complete diversity of citizenship exists between Plaintiffs and Defendants sufficient to support diversity citizenship under 28 U.S.C. § 1332.

Finally, there is no real contention concerning the value of this lawsuit, but the Court finds it easily exceeds the $75,000 threshold. At its core, the Bradburys' lawsuit seeks to cancel the loan they took out in order to purchase the real property, and that loan is secured by a mortgage covering the property. The record shows that as of April 22, 2025, the Bradburys owed approximately $196,000 on the property (ECF 17 p. 124), and the property has an estimated market value of about $697,000 (ECF 17 p. 340).

The Court has little difficulty determining diversity jurisdiction under 28 U.S.C. § 1332

---

[1] A non-traditional trust, also known as a "business trust," is a creature of state statutory law, and it takes on the citizenship of all its members, the same as an unincorporated business entity. *ADA Carbon Solutions*, 146 F.4th at 1305; *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).

exists over this dispute. Remand for a lack of subject-matter jurisdiction is not warranted.

2.  **Remand Requested for Procedural Deficiencies**

The Bradburys also assert multiple procedural deficiencies in the removal of this action from state court. Removal from state court is based on statute, which means the statutory requirements must be followed. Removal that does not comply with the statutory requirements "can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

2.1  **Removal by a Defaulted Party**

The Bradburys first argue the state court entered default against Defendant Newrez before it filed any notice of removal. They say, "A party in default has no standing to remove a case to federal court." (ECF 7 p. 6.) Defendant Newrez contends it was never defaulted in state court. (ECF 32 p. 2.) The Court concludes that even if Defendant Newrez defaulted in state court, it would be permitted to remove the case to federal court so long as the statutory removal requirements were satisfied.

The Court notes that some question exists whether default was entered against Defendant Newrez. Attached to the Bradburys' motion for remand is a document that was filed in state court on July 31, 20225, titled "Request for Clerks Entry of Default," and in the bottom right corner under the words "Entry of Default" is the state court clerk's stamp along with the apparent ink signature of a deputy court clerk. (ECF 7-3 p. 1; ECF 17 p. 321.) This document could certainly be read as the clerk's entry of default against Defendant Newrez. On the other hand, Defendant Newrez is correct in pointing out that the state court's docket sheet does not reflect any entry of default. Instead, it describes this filing as a "Request for Clerks Entry of Default (No Order

Submitted)." (ECF 18 p. 2.) Whether the state clerk of court entered default against Defendant Newrez remains unclear to the Court, but that determination is not necessary to the question of remand.

Even if Defendant Newrez defaulted in state court, it does not lose standing to remove the lawsuit to federal court.

> The deadline Congress set for removal from state court is thirty days from receipt of the complaint. 28 U.S.C. § 1446(b)(1). There is no exception for defendants who would be considered in default if they remained in state court, and creating such an exception would seem to contradict congressional intent. From the late 1880s until the late 1940s, the rule was essentially what [the appellant] requests: defendants were required to remove no later than the state-court answer deadline. *See* 24 Stat. 552, 553–54 (1887); 28 U.S.C. § 72 (1946). In 1948, however, Congress changed the deadline to twenty days after receipt of the complaint. *See* Pub. L. No. 80-773, ch. 89, 62 Stat. 869, 939 (1948) (codified at 28 U.S.C. § 1446(b)). In 1965, Congress extended the deadline to thirty days, *see* Pub. L. No. 89-215, 79 Stat. 887 (1965), as it remains today. Forbidding defendants from removing based on their failure to meet the state-court answer deadline would effectively require federal courts to follow an approach Congress abandoned in 1948. Thus, the district court did not err in rejecting [the appellant's] assertion that defendants' failure to timely answer in state court precluded removal to federal court.

*Davalos v. Gossett*, No. 23-1024, 2023 WL 6232257, at *3 (10th Cir. Sept. 26, 2023) (unpublished); *see also Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) ("Several courts have implicitly approved of removal even after a state court has entered a default judgment.") (unpublished) (collecting cases).

While these Tenth Circuit cases are unpublished and therefore only persuasive rather than binding, they reflect the prevailing position on this question. *See, e.g., Davalos v. Gossett*, 2023 WL 386728, at *1 (D. Colo. Jan. 4, 2023) (collecting cases); *Hawes v. Cart Products, Inc.*, 386 F. Supp. 2d 681, 686 (D.S.C. 2005) ("the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court") (collecting cases). There is nothing in the removal statutes

that preclude a defaulted party from removing an action so long as the removal requirements are met, *see* 28 U.S.C. §§ 1441-1455, and the Bradburys have not identified any authority suggesting otherwise (*see* ECF 7). Consequently, the Court finds no legal basis for the Bradburys' assertion that a defaulted party lacks standing to remove a case to federal court.

Thus, assuming without deciding that Defendant Newrez was in default in state court prior to removing this action, it was not precluded by its default from removing to federal court. Remand on this basis is not warranted.

### 2.2    Lack of Unanimous Consent to Removal

The final point meriting discussion from the Bradburys' motion to remand alleges a lack of consent from all Defendants. "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Bailey v. Markham*, 611 F. Supp. 3d 1177, 1240 (D.N.M. 2020) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). "Courts generally refer to this requirement that all defendants served at the time of filing must join in the notice of removal as the unanimity rule or the unanimity requirement." *Id.* Defendant Newrez's removal admits a lack of unanimous consent from all Defendants but contends every other Defendant was fraudulently joined in this lawsuit because no cause of action is stated against them, and therefore their consent is not required. (ECF 1 p. 5.)

"[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Thus, Defendant Newrez is correct that "consent is required only of 'defendants who have been properly joined and served.'" *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1183-84 (10th Cir. 2014) (quoting 28 U.S.C. § 1446(b)(2)(A)). The Court has several misgivings about Defendant Newrez's argument, though.

At the outset, the Court is not convinced that the fraudulent joinder principle correctly

applies to the question of unanimity. The Tenth Circuit has described the "fraudulent joinder analysis" as a "jurisdictional inquiry." *Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004). Yet, the procedural requirements required for proper removal, including unanimity, "are not jurisdictional in nature." *McShares*, 979 F. Supp. at 1342; *see Huffman*, 194 F.3d at 1077 ("A procedural defect [in removal proceedings], however, does not involve the subject matter jurisdiction of the court and may be waived."). And the Court's research has not identified a Tenth Circuit case where the fraudulent joinder analysis was applied to the procedural question of unanimity. Nonetheless, even considering the merits of Defendant Newrez's arguments, the Court finds Defendant Newrez has not shown Defendant The Sayer Law Group, P.C. ("Defendant TSLG") was fraudulently joined, nor has Defendant Newrez otherwise shown Defendant TSLG was not required to consent to removal.

### 2.2.1 Defendant TSLG was not fraudulently joined.

First, as to fraudulent joinder of Defendant TSLG, Defendant Newrez "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the [Bradburys]." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration in original) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

Here, Defendant Newrez contends no cause of action has been directed at Defendant TSLG (ECF 1 p. 4), and no other Defendant claims any legal interest in the Bradburys' real property besides Defendant Newrez (ECF 32 p. 3). However, resolving all factual and legal issues in the

Bradburys' favor on this question, the Court finds the Bradburys have plausibly stated a viable claim for relief against Defendant TSLG. Specifically, while a cause of action for quiet title may not be appropriate against Defendant TSLG based on Defendant TSLG never having asserted a legal interest in the real property, the Bradburys' petition also requests declaratory judgment. (ECF 5 pp. 1, 4.) The Bradburys allege Defendant TSLG has attempted to collect on the unpaid loan and enforce the default provisions of the loan and mortgage, for example by listing the real property for public sale. (ECF 5 p. 3; *see* ECF 7 p. 7 (asserting that the "Sayer Law Group acted as debt collector and initiated legal filings").) The Bradburys contend Defendant TSLG has taken action against a debt the Bradburys say does not exist. And if the Bradburys were to obtain a declaratory judgment to that effect, it would determine the rights and legal relations of Defendant TSLG as to the Bradburys.[2] The Bradburys' petition expressly asks the Court to "[d]eclar[e] the rights and obligations of the parties" (ECF 5 p. 4), and such a declaratory judgment likely would address the current controversy between the Bradburys and Defendant TSLG.

Thus, at least for purposes of determining whether Defendant TSLG was fraudulently joined in this lawsuit, the Bradburys' petition appears to assert a viable request for declaratory judgment concerning Defendant TSLG's ability to enforce the challenged loan and mortgage. *See* 28 U.S.C. §§ 2201-2202 (federal declaratory judgment statutes); Wyo. Stat. §§ 1-37-101 through -115 (Wyoming declaratory judgment statutes). Accordingly, the Court determines Defendant Newrez has not carried its heavy burden of proving Defendant TSLG was fraudulently joined in the Bradburys' Petition for Declaratory Judgment and Quiet Title.

---

[2] While the Court must resolve factual and legal issues in the Bradburys' favor with regard to the assertion of fraudulent joinder, it does not convey any opinion about the actual merits of the Bradburys' claims.

### 2.2.2 Service of process upon Defendant TSLG is not at issue.

In Defendant Newrez's opposition to remand, particularly in response to whether it was defaulted in state court, it contends it was improperly served and therefore could not have been defaulted. (ECF 32 pp. 2-3.) And the Court already addressed the issue of Defendant Newrez's alleged default above.

The Court brings up the issue of service of process because it appears from the state court record that Defendant TSLG was served in the same, allegedly improper, manner as Defendant Newrez. (ECF 17 pp. 308-310, 317-319.) The Court examines this issue because only "properly ... served" defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Defendant TSLG filed an answer in response to the Bradburys' petition in state court, wherein Defendant TSLG did not assert it was improperly served. (ECF 17 pp. 298-301.) "Objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992) (citing Fed. R. Civ. P. 12(b)). Under both federal law and Wyoming law, Defendant TSLG's decision to not assert the defense of insufficiency of service in its answer or in a pre-answer motion results in Defendant TSLG waiving any challenge to service. *Id.*; *Knight ex rel. Knight v. Estate of McCoy*, 341 P.3d 412, 419 (Wyo. 2015) ("when a defendant appears voluntarily, without questioning the court's personal jurisdiction, that appearance is the equivalent of proper service of process") (citation omitted).

Thus, because Defendant TSLG has effectively waived any challenge to the sufficiency of the service of process upon it, the need for Defendant TSLG's consent to removal could not be excused under 28 U.S.C. § 1446(b)(2)(A) by reason of insufficient service.

## CONCLUSION AND ORDER

In sum, the Court concludes it possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 based on the parties' diversity and the amount in controversy. However, Defendant Newrez's removal is procedurally defective for failing to obtain the unanimous consent of all Defendants. Specifically, Defendant Newrez has not shown any reason why the consent of Defendant TSLG was not necessary for removal. And there is no suggestion Defendant TSLG has ever consented to removing the state court action to federal court. "[T]he failure of all defendants to consent to removal will result in remand." *Sherrets v. Buechler*, No. 22-CV-00551-PAB, 2022 WL 1078910, at *3 (D. Colo. Apr. 11, 2022) (quoting *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1254–55 (D.N.M. 2017)).

**IT IS THEREFORE ORDERED** that the Bradbury's Motion to Remand to State Court (ECF 7) is **GRANTED**. This lawsuit is hereby remanded back to Wyoming's First Judicial District Court, Laramie, Wyoming. The Clerk of Court will please mail a certified copy of this order of remand to the clerk of the state court, whereupon the state court shall resume jurisdiction and proceed with this lawsuit. The Clerk of Court will then please close this federal case.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Newrez, MERS, and Fannie Mae (ECF 8) is hereby **DENIED AS MOOT** without prejudice to refiling in state court in light of the remand.

**ORDERED**: October 1st, 2025.

Scott W. Skavdahl
United States District Judge